IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LINDA S. ANDREWS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 14-441 |
| | ) | Judge Mark R. Hornak |
| KATHRYN M. HENS-GRECO, | ) | Magistrate Judge Lisa Pupo Lenihan |
| Individually and in her official capacity as | ) | |
| a Judge of the Court of Common Pleas of | ) | ECF No. 5 |
| Allegheny County Family Division, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that Plaintiff's Complaint be dismissed for failure to state a claim upon which relief can be granted for the reasons set forth below.

### II. REPORT

#### A. Introduction

Presently pending before the Court is the Motion to Dismiss Plaintiff's Complaint (ECF No. 5) filed by Defendant, Kathryn M. Hens-Greco ("Defendant"). Plaintiff Linda S. Andrews ("Plaintiff") has filed a Response and Brief in Opposition. (ECF Nos. 9-10). Accordingly, the matter has been fully briefed and is ripe for disposition.

#### B. Factual and Procedural Background

Plaintiff, proceeding *pro se*,[1] filed her original Complaint for Declaratory Judgment against Defendant on April 7, 2014. (ECF No. 1). Plaintiff complains about events related to

---

[1] *Pro se* plaintiffs are generally held to a less stringent standard that individuals represented by counsel. *Fed. Express Corp. v. Holowecki*, 552 U.S. 389, 402, 128 S.Ct. 1147, 170 L.Ed.2d 10 (2008). ("Pro se litigants are held to a lesser pleading standard than other parties."). In this case, however, Plaintiff is a licensed attorney and as such,

1

her appointment as a statutory educational guardian under the Individuals with Disabilities in Education Act ("IDEA"), 20 U.S.C. § 1401 *et seq.* According to the allegations in the Complaint, Plaintiff avers that she has been appointed by various judges as the educational and medical guardian for children who were declared dependent in the Allegheny County Court of Common Pleas Family Division. (*Id.* at ¶¶ 4-7). Plaintiff alleges that prior to the Defendant's appointment as the administrative judge, the guardian submitted petitions for the payment of fees directly to the appointing judge who would then in turn submit them to the County for payment. (*Id.* at ¶¶ 14-15).

Shortly after Defendant became the administrative judge, she required all petitions to be submitted to her by August 30, 2011. (*Id.* at ¶ 18, ECF No. 1-1 at pp. 2-3).[2] Plaintiff avers that she complied with this new requirement and sent her petitions to the Defendant, but they were not processed. (*Id.* at ¶¶ 24-25). Plaintiff alleges that she learned on February 23, 2012 that five of her petitions needed corrections. (*Id.* at ¶¶ 40-42). She corrected the mistakes and resubmitted the petitions as instructed. (*Id.* at ¶ 44). Plaintiff avers that instead of receiving payment, she received a letter dated April 3, 2012 informing her that she would not be paid because she failed to comply with the time limits imposed by the Defendant. (*Id.* at ¶¶ 45-47; ECF No. 1-1 at pp. 4-5).

Based on these allegations, Plaintiff alleges that Defendant's actions violated her equal protection and due process rights, as well as her rights under the IDEA. (*Id.* at ¶51-104). Plaintiff alleges that she is owed fees in the amount of $23,962.50, but does not specifically seek payment for her services as a guardian. (*Id.* at ¶ 103). Rather, she asks the Court to declare that she has certain rights under the IDEA to equal protection and due process. (*Id.* at p. 10 ¶ 1). She further requests that the Court declare null and void the letter written by Defendant denying her request for payment as untimely. (*Id.* at ¶ 2). Plaintiff seeks the return of the petitions she submitted to the court for payment, or compensation for their destruction. (*Id.* at p. 11 ¶ 4).

---

she "is not afforded the latitude accorded to the typical *pro se* claimant." *United States v. Pearson*, 2012 WL 924879 at *5 (D.Del. 2013) (footnote omitted). Nonetheless, the Court will construe Plaintiff's pleadings liberally.
[2] In ruling on a motion to dismiss, a court may consider the complaint, attached exhibits, matters of public record, and undisputedly authentic documents not attached to the complaint if the complainant's claims are based on those documents. *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).

2

Finally, Plaintiff seeks costs and such other remedies as the Court deems just. (*Id.* at ¶¶ 3, 5). Defendant has moved for dismissal of the Plaintiff's claims.

### C. Standard of Review

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). In deciding a motion to dismiss, the court is not opining on whether the plaintiff will be likely to prevail on the merits; rather, when considering a motion to dismiss, the court accepts as true all well-pled factual allegations in the complaint and views them in a light most favorable to the plaintiff. *U.S. Express Lines Ltd. V. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002). While a complaint does not need detailed factual allegations to survive a Rule 12(b)(6) motion to dismiss, a complaint must provide more than labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A "formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)). "Factual allegations must be enough to raise a right to relief above the speculative level" and "sufficient to state a claim for relief that is plausible on its face." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Twombly*, 550 U. S. at 556-57). As explained by the Supreme Court:

> The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Id.* (quoting *Twombly*, 550 U.S. at 556-57) (internal citation omitted).

Two working principles underlie *Twombly*. *Iqbal*, 556 U.S. at 678. First, with respect to mere conclusory statements, a court need not accept as true all the allegations contained in a complaint. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Second, to

3

survive a motion to dismiss, a claim must state a plausible claim for relief. *Id.* at 679. "Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]—that the pleader is entitled to relief.'" *Id.* (quoting FED. R. CIV. P. 8(a)(2)). A court considering a motion to dismiss may begin by identifying pleadings that are not entitled to the assumption of truth because they are mere conclusions. "While legal conclusions can provide the framework of the complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

### D. Discussion

Plaintiff's Complaint purports to raise equal protection and due process claims arising under the Constitution and/or under the IDEA against Defendant in her individual and official capacity. While Plaintiff contends otherwise, her claims alleging violations of the United States Constitution are cognizable only under 42 U.S.C. § 1983. *Smith v. School District of Philadelphia*, 112 F. Supp. 2d 417, 430 (E.D.Pa. 2000). Since the Defendant in this action is not a federal official, Plaintiff cannot assert a claim arising directly under the Constitution. *Bivens v. Six Unknown Named Federal Narcotics Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

To the extent Plaintiff's claims against the Defendant in her individual capacity seek monetary relief, they are barred by the doctrine of judicial immunity. A judicial officer has absolute immunity from suit for actions taken in his or her judicial capacity. *See Mireles v. Waco*, 502 U.S. 9, 12, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991); *Azubuki v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006) (citing *Mireles*, 502 U.S. at 9); *Gallas v. Supreme Court of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000) ("The Supreme Court has long recognized that judges are immune from suit under section 1983 for monetary damages arising from their judicial acts."). A judge does not forfeit that immunity simply because his or her action was erroneous, done maliciously, or exceeded his

4

or her authority. *Stump v. Sparkman*, 435 U.S. 349, 356-57, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). Judicial immunity does not apply to nonjudicial actions or to actions, that, while judicial in nature, are taken in the complete absence of all jurisdiction. *Gallas*, 211 F.3d at 768.

Here, all of the allegations in the Complaint regarding the Defendant relate to actions taken within her judicial authority, and the Complaint is devoid of any allegations that Plaintiff dealt with the Defendant in anything other than her judicial capacity. Plaintiff avers that the petition for payment of fees "consists of the appointment order, a listing of services provided with the corresponding fees, a court order directing the Controller of Allegheny County to issue a warrant for the amount of the fees, and a voluntary withdrawal of appearance at the end of the petition if the case was closed." (ECF No. 1 at ¶ 10). Plaintiff further avers that Defendant refused to process her petitions because they were untimely and notified Plaintiff of her decision by letter dated April 3, 2013. (*Id.* at ¶ 45). Reviewing and approving petitions relating to specific cases falls squarely within the realm of judicial acts. In addition, actions taken "off the bench," so long as they are judicial in nature, are also protected by judicial immunity. *Sparkman*, 435 U.S. at 361-62.

Defendant is further immune from Plaintiff's § 1983 claims against her in her official capacity. When a state official is sued in an official capacity, the real party in interest is the government entity that employs them. *Hafer v. Melo*, 502 U.S. 21, 26, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991). The Eleventh Amendment proscribes actions in the federal courts against, *inter alia*, states and their agencies.[3] *Laskaris v. Thornburgh*, 661 F.2d 23 (3d Cir. 1981) (Pennsylvania); *Mt. Healthy City Board of Education v. Doyle*, 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977) (state agencies). "Unless a State has waived its Eleventh Amendment immunity or Congress has overridden it ... a State cannot be sued directly in its own name regardless of the relief sought." *Kentucky v. Graham*, 473 U.S. 159, 167 n.14, 105 S.Ct. 3099, 87

---

[3] The Eleventh Amendment of the United States Constitution provides that:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity commenced or prosecuted against any one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. CONST. amend. XI.

5

L.Ed.2d 114 (1985), citing *Alabama v. Pugh*, 438 U.S. 781, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978). In *Benn v. First Judicial District*, 426 F.3d 233, 240-41 (3d Cir. 2005), the Court of Appeals for the Third Circuit ruled that Pennsylvania's court entities, such as the Allegheny County Court, are state entities entitled to full Eleventh Amendment immunity. Accordingly, Plaintiff's claims against Defendant in her official capacity are barred by Eleventh Amendment immunity and must be dismissed.

Moreover, as an agency or arm of the Commonwealth of Pennsylvania, the Court of Common Pleas of Allegheny County is not a "person" against whom a civil rights action may be brought under § 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989).

Insofar as Plaintiff seeks declaratory relief "declaring" that she has due process and equal protection rights with respect to her petitions for payment, Plaintiff lacks standing to do so. In *Blakeney v. Marsico*, 340 F. App'x 778, 78 (3d Cir. 2009), the Court of Appeals for the Third Circuit stated:

> To satisfy the standing and "case or controversy" requirements of Article III, a party seeking a declaratory judgment "must allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future." *Bauer v. Texas*, 341 F.3d 352, 358 (5th Cir. 2003) (citing *City of Los Angeles v. Lyons*, 461 U.S. 95, 102-03, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983)). Here, Blakeney seeks a declaration merely that defendants' "acts" and "policies" violate the United States and Pennsylvania Constitutions. He does not allege that he will be subjected to that alleged conduct in the future. Moreover, even if defendants violated Blakeney's rights in the past as he alleges, he is not entitled to a declaration to that effect. *See Brown v. Fauver*, 819 F.2d 395, 399-400 (3d Cir.1987) (directing District Court to dismiss prisoner's Section 1983 claim for prospective relief where appellant "has done nothing more than allege past exposure to unconstitutional state action").

Plaintiff has failed to allege that there is a substantial likelihood that she will suffer injury in the future if the Court does not issue declaratory relief. Plaintiff does state that she has not submitted additional petitions for payment for services provided because the Defendant's letter put a "chilling effect" on her right to do so. (ECF No. 1 at ¶ 100). However, there are no

6

allegations that Plaintiff's petitions would be continually denied if submitted in a timely fashion. Therefore, Plaintiff's request for declaratory judgment will be dismissed.

Plaintiff further alleges that her action arises under the IDEA. The purpose of the IDEA is to "ensure that all children with disabilities have available to them a free appropriate public education that emphasizes special education and related services designed to meet their unique needs...." *Batchelor v. Rose Tree Media Sch. Dist.*, 759 F.3d 266, 271 (3d Cir. 2014) (quoting 20 U.S.C. § 1400(d)(1)(a)). The IDEA requires states to provide parents an opportunity to present a complaint "with respect to any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education to such child." 20 U.S.C. § 1415(b)(6)(A). The parents later may "request an 'impartial due process hearing,' which must be conducted either by the local educational agency or by the state educational agency, and where a hearing officer will resolve issues raised in the complaint." *Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516, 525, 127 S.Ct. 1994, 167 L.Ed.2d 904 (2007) (citations omitted) (citing 20 U.S.C. § 1415(f)(1)(A), (3)). Pennsylvania state regulations provide that parents may request an impartial due process hearing if they "disagree with [a] school district's ... identification, evaluation, or placement of, or the provision of a free appropriate public education to the student." *D.K. v. Abington Sch. Dist.*, 696 F.3d 233, 242 n.1 (3d Cir. 2012) (quoting 22 Pa.Code § 14.162(b)).

Despite invoking the IDEA, Plaintiff has alleged no facts that could plausibly state a claim against this Defendant under this statute. Plaintiff has not brought this action on behalf of any child, or as a "parent" in her capacity as an educational guardian, relating to the identification, evaluation, or educational placement of a child, or the provision of a free appropriate public education to such child. *See* 20 C.F.R. § 300.30(a)(3) (defining a "parent" as, *inter alia*, a guardian authorized to make educational decisions for a child). In point of fact, Plaintiff specifically disavows this cause of action. (ECF No. 10 at p. 8) ("Plaintiff is not seeking the kind of relief available under a FAPE hearing.").

While the IDEA recognizes that parents can prosecute IDEA claims on their own behalf, *see Winkelman.*, 550 U.S. at 525, Plaintiff has not directed the Court to any authority, (nor has

7

the Court's independent research revealed any), where an educational guardian was allowed to pursue a claim in their own right against an appointing judge. *Cf. Bowman v. Dist. of Columbia*, 496 F. Supp. 2d 160, 165-66 (D.C. 2007) (court-appointed education advocates who were attorneys not entitled to recover attorney's fees under IDEA); *Boretos v. Fenty*, 2009 WL 4034987 at *5-6 (D.C. 2009) (holding that attorney who represented parents had no independent enforceable rights under IDEA).

Plaintiff seeks a declaration from the Court that she has equal protection and due process rights under the IDEA. However, Plaintiff cannot assert an IDEA violation based on § 1983 as a matter of law. *See A.W. v. Jersey City Public Schools*, 486 F.3d 791, 802 (3d Cir. 2007) (holding that a § 1983 action is not available to remedy violations of the IDEA). Moreover, there is no individual liability for alleged IDEA violations. *Taylor v. Altoona Area School Dist.*, 513 F. Supp. 2d 540, 554 (W.D.Pa. 2007) (holding that IDEA's remedial scheme precludes an implied private right of action against individuals).

The Court further finds no merit to Plaintiff's argument that Defendant's actions improperly imposed a statute of limitations under IDEA. Trial courts have inherent authority to manage their dockets and cases to ensure the orderly disposition of the court's business. *See e.g., Commonwealth of Pa. v. Shaffer*, 712 A.2d 749, 629 (Pa. 1998) (acknowledging inherent power of the trial court to act in order to preserve effectiveness of the judicial function). The exercise of such authority in this case simply does not implicate IDEA.

In sum, Plaintiff's claims purportedly raised under IDEA against Defendant must be dismissed.

The Third Circuit Court of Appeals has held that district courts should not dismiss a *pro se* complaint without allowing the plaintiff leave to amend unless amendment would be inequitable or futile. *Kim v. I.R.S.*, 522 F. App'x 157, 159 (3d Cir. 2013) (citing *Alston v. Parker*, 363 F.3d 229, 236 (3d Cir. 2004)). In this case, the Complaint fails to state a claim upon which relief can be granted, and for the reasons discussed above, cannot be cured by an amendment.

8

## III. CONCLUSION

It is respectfully recommended that Defendant Kathryn M. Hens-Greco's Motion to Dismiss Plaintiff's Complaint (ECF No. 5) be granted and that Plaintiff's complaint be dismissed with prejudice for failure to state a claim upon which relief can be granted.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Rules of Court, Plaintiff is allowed fourteen (14) days from the date of service of a copy of this Report and Recommendation to file objections. Failure to file timely objections will constitute a waiver of any appellate rights.

By the Court,

*s/ Lisa Pupo Lenihan*
Lisa Pupo Lenihan
United States Magistrate Judge

Dated: December 22, 2014

cc: Linda S. Andrews
167 Robison Street
Pittsburgh, PA 15213
(*via* First-Class U.S. Mail)

All Counsel of Record
(*via* CM/ECM)